IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,                ) | |
| ) | |
| Plaintiff,           ) | |
| ) | CRIMINAL ACTION |
| v.                                                                   ) | |
| ) | No. 04-20044-KHV |
| ANDRE LAMAR IVORY a/k/a DRE, et al.   ) | |
| ) | |
| Defendants.         ) | |
| _____ ) | |

## ORDER

This matter comes before the Court on Defendant Mark Manuel McGee's Motion For An Order In Limine (Doc. #298)[1] filed October 20, 2005; defendant Pamela Tyler's Motion To Join Mark McGee's Motion To Determine Admissibility Of Extra Judicial Statements Of Alleged Co-Conspirators And To Establish Order Of Proof As To Conspiracy Allegations (Doc. #312) filed October 24, 2005; and defendant Andre Ivory's Motion To Join Mark McGee's Motion To Determine Admissibility Of Extra Judicial Statements Of Alleged Co-Conspirators And To Establish Order Of Proof As To Conspiracy Allegations (Doc. #319) filed October 26, 2005.

On October 27, 2005, the Court held a James hearing to determine the admissibility of statements made by alleged co-conspirators. See United States v. James, 590 F.2d 575 (5th Cir. 1979) (en banc), cert. denied, 442 U.S. 917 (1979). The Court heard testimony from Detective Scott Bonham, who recounted statements given by Kyle Crayton, Chaconie Edwards and Valerie Cheek as well as statements made in telephone conversations between Andre Ivory, Pamela Tyler and Mark McGee. Bonham also

---

[1] This order addresses only the portion of McGee's motion as to extra judicial statements by co-conspirators. The Court ruled on other portions of McGee's motion during the motion hearing held on October 27, 2005.

testified as to statements made to him by Tania Atkins.

To admit the statement of an alleged co-conspirator, the district court must determine by a preponderance of the evidence that (1) a conspiracy existed (2) declarant and defendant were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. United States v. Sinclair, 109 F.3d 1527, 1533 (10th Cir. 1997); Fed. R. Evid. 801(d)(2)(E). A district court may make these factual determinations using either of two means: (1) by holding a James hearing outside the presence of the jury, or (2) by provisionally admitting the statement "with the caveat that the evidence must 'connect up' during trial, i.e. that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence." United States v. Owens, 70 F.3d 1118, 1123 (10th Cir. 1995); see United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1995). The Tenth Circuit has expressed a "strong preference for James proceedings where the government relies on co-conspirator statements," Gonzalez-Montoya, 161 F.3d at 649, but a district court has discretion which course to choose, based on the particular configuration of the government's evidence and the constraints of a multi-defendant trial. See United States v. Roberts, 14 F.3d 502, 514 (10th Cir. 1993).

Based on the evidence presented and without re-stating the particulars of that evidence, which was uncontradicted, the Court finds that the government has shown by a preponderance of the evidence that from January of 2004 to about April 30, 2004, Andre Ivory and Pamela Tyler engaged in a conspiracy to distribute and possess with the intent to distribute cocaine base. Furthermore, the government has shown by a preponderance of the evidence that from March 25, 2004 to about May 21, 2004, Andre Ivory, Pamela Tyler, Chaconie Edwards, Kimberly Sanders, Mark McGee and Kyle Crayton engaged

in a conspiracy to kill a federal witness, Tania Atkins, to prevent her attendance and testimony in the trial of Andre Ivory. Thus, the first two elements for admission of co-conspirator statements are met. As to the third element, the government has not specified the precise statements which it intends to offer, arguing that with the number of co-conspirator statements, the presentation of each statement could take three to five days. The Court agrees that assessment of each statement before trial would be totally unwieldy. Because the Court cannot determine at this point whether particular statements were made in the course of and in furtherance of the conspiracy, it will address this element during the course of the trial if defendants raise a contemporaneous objection. Generally, however, the Court would anticipate receiving such statements with the caveat that the government "connect up" particular statements to evidence concerning the scope and goals of the conspiracy.

**IT IS THEREFORE ORDERED** that <u>Defendant Mark Manuel McGee's Motion For An Order In Limine</u> (Doc. #298) filed October 20, 2005; defendant Pamela Tyler's <u>Motion To Join Mark McGee's Motion To Determine Admissibility Of Extra Judicial Statements Of Alleged Co-Conspirators And To Establish Order Of Proof As To Conspiracy Allegations</u> (Doc. #312) filed October 24, 2005; and defendant Andre Ivory's <u>Motion To Join Mark McGee's Motion To Determine Admissibility Of Extra Judicial Statements Of Alleged Co-Conspirators And To Establish Order Of Proof As To Conspiracy Allegations</u> (Doc. #319) filed October 26, 2005 be and hereby are **OVERRULED in part**. McGee's

motion is denied as to extra-judicial statements by co-conspirators. Defendants may raise contemporaneous objections to specific statements at the time of trial.

Dated this 31st day of October, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
