**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 04-20044-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| ANDRE IVORY, | ) | **No. 09-2376-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

On December 13, 2005, a jury found defendant guilty of conspiracy to kill a federal witness, attempted murder of a federal witness and discharge of a firearm during the commission of a crime of violence. This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #514) filed July 17, 2009. For reasons stated below, the Court overrules defendant's motion.

## **Factual Background**

On May 26, 2005, a grand jury returned an eleven-count indictment which, in part, charged defendant with conspiracy to distribute or possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 (Count 1), distributing and possessing with intent to distribute cocaine base (Counts 2 through 7), conspiracy to kill a federal witness in violation of 18 U.S.C. §§ 371 and 1512(k) (Count 8), attempted murder of a federal witness in violation of 18 U.S.C. § 1512(a)(1)(A) (Count 10) and discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 11).

On October 22, 2005, pursuant to 21 U.S.C. § 851, the government filed an <u>Enhancement Information</u> (Doc. #310) to establish defendant's prior drug felony conviction in Wyandotte County

(Kansas) District Court, Juvenile Division, case number 90-JV-1644.[1]  The filing of the information increased the statutory maximum on Counts 2 and 3 from 20 to 30 years in prison and increased the statutory maximum on Counts 4 through 7 from 40 years to life in prison.  Until his present motion to vacate sentence, defendant did not challenge the use of his prior felony offense conviction in these proceedings.

On October 27, 2005, without a plea agreement, defendant pled guilty to Counts 2 through 7.  On October 31, 2005, the Court commenced a jury trial on the remaining counts against defendant (as well as charges against co-defendants Tyler and McGee).  On December 13, 2005, the jury returned a verdict, which found defendant not guilty of Count 1 but guilty of Counts 8, 10 and 11.

Defendant's total offense level was 44, with a criminal history category VI, resulting in a guideline sentence of life.  On May 2, 2006, the Court sentenced defendant to 360 months in prison on Counts 2 and 3; life in prison on each of Counts 4 through 7; 240 months in prison on Counts 8 and 10; and 120 months in prison on Count 11 with the sentence on Count 11 to be served consecutively to the sentence on all other counts.  Defendant appealed his convictions and challenged a number of the enhancements which the Court applied during the contested sentencing hearing.  On July 14, 2008, the Tenth Circuit affirmed defendant's convictions and sentence.  United States v. Ivory, 532 F.3d 1095 (10th Cir. 2008).

On July 17, 2009, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Liberally construed, defendant's Section 2255 motion alleges that (1) the district court erred in using

---

[1] The juvenile court adjudicated defendant a "juvenile offender" in a case which involved a conspiracy to possess cocaine.  Defendant was 14 years old.

defendant's juvenile offender adjudication in 1990 because the instant offense was not committed within five years of that offense or his release or discharge from imprisonment resulting from that conviction; (2) defense counsel was ineffective because he did not object to use of defendant's juvenile conviction in the calculation of his sentence; (3) defense counsel was ineffective because he did not seek en banc review of the Tenth Circuit's decision or file a petition for writ of certiorari and (4) the Court erred in not requiring a family member of a juror to testify about a conversation with the juror.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

**I.     Procedural Bar – Failure To Appeal (Claims 1 and 4)**

Defendant asserts a sentencing error (Claim 1) and an error related to how the Court handled an improper juror contact (Claim 4). Such claims are barred because defendant failed to raise them on direct appeal. Section 2255 is not available to test the legality of matters which should have been raised on appeal. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (citing United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)). Defendant is precluded from raising in a Section 2255 petition issues which were not raised on direct appeal unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. Allen, 16 F.3d at 378. Defendant has not satisfied any of these exceptions.

Defendant does not allege cause for his procedural default. Defendant also has not demonstrated "prejudice," i.e. that the alleged errors worked to his actual and substantial disadvantage, infecting his entire sentence with error of constitutional dimensions. United States v. Frady, 456 U.S. 152, 170 (1982). Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice." The Supreme Court has held that this exception applies only if one is actually innocent. See Bousley v. United States, 523 U.S. 614, 623 (1998). Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993); see also United States v. Glover, 156 F.3d 1244, 1998 WL 476779, at *2 (10th Cir. Aug. 11, 1998) (claim that defendant in noncapital case should have received lesser sentence does not constitute claim that he is actually innocent or did not commit crime). But cf. Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994) (actual innocence exception might apply where petitioner shows actual innocence of sentencing element that was not required for proof of underlying conviction). In any event, defendant has not shown that he is actually innocent of the charges against him or the elements which form the basis of the sentencing. Therefore, he cannot establish that failure to review his claims would result in a fundamental miscarriage of justice.

Based on this procedural bar, defendant's first and fourth claims are overruled.[2]

---

[2] Defendant's first and fourth claims also lack substantive merit. In his first claim, defendant argues that the Court should not have relied on the juvenile conviction because it was not within five years of the charged offenses in this case. Defendant apparently relies on a provision under the Sentencing Guidelines, U.S.S.G. § 4A1.2(d)(2)(A); see United States v. Miller, 987 F.2d 1462, 1465 (10th Cir. 1993) (juvenile convictions, other than status offenses, may be used to add points to defendant's criminal history), but in determining his criminal history under the Guidelines, the Court did not count his 1990 conviction. As noted, the government did rely on the 1990 conviction when it filed an Enhancement Information (Doc. #310) which effectively increased the
(continued...)

## II. Substantive Merit Of Defendant's Ineffective Assistance Claims (Claims 2 and 3)

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." Walling, 982 F.2d at 449. The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient

---

²(...continued)
statutory penalties on Counts 2 through 7, but such a statutory enhancement has no time limitation as to the date of the prior offense. See 21 U.S.C. § 841 (providing for enhanced penalties after prior conviction for felony drug offense).

In his fourth claim, defendant argues that the Court erred in not requiring a family member of a juror to testify about a conversation between that juror and the family member about the case. During a hearing outside the presence of the other jury members, the juror indicated that she told a family member that she felt it was very important to get back to jury service and that one of the defendants may be innocent. See Transcript Of Jury Trial – Volume IV (Doc. #506) at 287-88. The juror indicated that she had not made up her mind about the guilt or innocence of defendants and that she was absolutely willing to keep an open mind and follow the Court's instructions in deliberations. See id. at 288. The juror apparently made the comment to a family member to demonstrate the importance of returning to jury service, not to solicit or to obtain any other viewpoints on the case or to otherwise intentionally circumvent the Court's admonition on communications about the case. Defendant argues that the Court only heard one side of the conversation between the juror and her family member, but the record does not suggest that their versions of the conversation would conflict in any material way. Because the juror convincingly indicated that she had not made up her mind about guilt or innocence, that she was willing to keep an open mind and that she would follow the Court's instructions in deliberations, see id., the Court did not err by failing to interview the juror's family member.

performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

    A.    <u>Ineffective Assistance - Failure To Object To Use Of Prior Conviction (Claim 2)</u>

Defendant argues that counsel was ineffective because he did not object to defendant's sentence enhancement based on the juvenile offender adjudication in 1990. The government relied on the juvenile adjudication when it filed an <u>Enhancement Information</u> (Doc. #310) which effectively increased the statutory penalties on Counts 2 through 7. <u>See</u> 21 U.S.C. § 841 (providing for enhanced penalties after prior conviction for felony drug offense). Defendant asserts that counsel was ineffective in failing to argue that a juvenile offender adjudication under Kansas law does not constitute a "prior conviction" for purpose of the enhanced statutory minimums and maximums contained in Section 841.

Even if the Court assumes that counsel was deficient in failing to object to use of defendant's juvenile offender adjudication,[3] defendant has not shown a reasonable probability that had his

---

    [3] Defense counsel could have raised a potentially meritorious objection to the enhancement based on the prior adjudication that defendant was a juvenile offender. A defendant is subject to enhanced statutory minimums and maximums if he violates Section 841(a) after a "prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(B). The Controlled Substances Act, 21 U.S.C. § 801 <u>et seq.</u>, does not define a "conviction" or whether juvenile offenses may fall within the meaning of that term. The Third Circuit has held that a prior adjudication of delinquency under the Pennsylvania Juvenile Act does not constitute a "prior conviction" for a felony drug offense for purposes of the Controlled Substances Act ("CSA"). <u>See</u> <u>United States v. Huggins</u>, 467 F.3d 359, 361-62 (3d Cir. 2006). Two other appellate courts have held that a youthful offender adjudication under New York law may constitute a prior felony drug offense for purposes of an enhanced sentence under Section 841(b)(1)(B). <u>See</u> <u>United States v. Sampson</u>, 385 F.3d 183, 195 (2d Cir. 2004), <u>cert. denied</u>, 544 U.S. 924 (2005); <u>United States v. Acosta</u>, 287 F.3d 1034, 1036-37 (11th Cir.), <u>cert. denied</u>, 537 U.S. 926 (2002). In <u>Huggins</u>, the Third Circuit distinguished <u>Sampson</u> and <u>Acosta</u> because unlike a juvenile delinquency adjudication under Pennsylvania law, a youthful offender adjudication under New York law follows an adult conviction in an adult court, with the full panoply of procedural protections that come with the latter. <u>Huggins</u>, 467 F.3d at 362. In <u>Sampson</u>, the Second Circuit also noted that it had "no reason to consider whether other juvenile
(continued...)

-6-

counsel objected on this ground, the Court would have imposed a different sentence. See United States v. Hemsley, 287 Fed. Appx. 649, 650 (10th Cir. 2008); Rantz, 862 F.2d at 810-11. Even if the Court had sustained an objection to the increased statutory maximum sentences under Section 851, defendant's guideline sentencing range would have remained the same – life in prison. The Section 851 enhancement did not affect the statutory maximum for the firearms offense (Count 11) which was life in prison. Even if the PSIR incorrectly calculated the statutory maximum

---

³(...continued)
adjudications, such as juvenile delinquency findings (entered in family court), could qualify as final felony convictions under Section 841(b)." Sampson, 385 F.3d at 195 n.8.

Here, defendant's prior juvenile adjudication under the Kansas Juvenile Offender Code ("KJOC") is more akin to a delinquency adjudication under Pennsylvania law than a youthful offender adjudication under New York law. In contrast to the adult criminal system, the KJOC focused on rehabilitation and the State's parental role in providing guidance, control and discipline. See K.S.A. 38-1601 (1988); In re L.M., 286 Kan. 460, 466, 186 P.3d 164, 168 (2008). In Kansas, juvenile proceedings had long been considered a civil proceeding of a protective nature totally divorced from any criminal implications. State v. Muhammad, 237 Kan. 850, 854, 703 P.2d 835, 838 (1985). Consistent with the nature of such proceedings, juveniles had no right to a jury trial in Kansas. See Findlay v. State, 235 Kan. 462, 463, 681 P.2d 20 (1984). But cf. L.M., 286 Kan. at 469-70, 186 P.3d at 170 (juveniles now have right to jury trial).

Because Congress did not explicitly include adjudications of juvenile delinquency in the definition of felony drug offense convictions under the Controlled Substances Act, the Court likely would decline to read such adjudications into the statutory definition. See Huggins, 467 F.3d at 361; see also United States v. Williams, 339 Fed. Appx. 654, 658-59 (7th Cir. 2009) (defendant successfully avoided life sentence under Section 841(b)(1)(A)(iii) by persuading district court prior juvenile drug conviction should not count because it was obtained in process that did not guarantee jury trial). Based on the structure of the Controlled Substances Act and the explicit reference to juvenile adjudications in the definition of a prior offense under the ACCA, a "prior conviction" under 21 U.S.C. § 841(b)(1)(B) does not include defendant's delinquency adjudication in 1990 under the Kansas Juvenile Offenders Code. See Huggins, 467 F.3d at 362.

To the extent the statutory term "conviction" is ambiguous, the Court would resolve that ambiguity in favor of defendant. When confronted with an ambiguity in a criminal statute which cannot be clarified by the statute's history or structure, the rule of lenity instructs courts to interpret the statute in favor of the accused. United States v. Serawop, 505 F.3d 1112, 1121 (10th Cir. 2007); see United States v. Hayes, 129 S. Ct. 1079, 1089 (2009) (rule applies only when, after consulting traditional canons of statutory construction, court left with ambiguous criminal statute); House v. Hatch, 527 F.3d 1010, 1028 (10th Cir. 2008) (ambiguity concerning ambit of criminal statutes resolved in favor of lenity); United States v. DeGasso, 369 F.3d 1139, 1154 n.2 (10th Cir. 2004) (rule of lenity is canon of strict construction of criminal statutes).

on Counts 2 through 7, the Court could have, and would have, imposed the same guideline sentence of life in prison.[4] At sentencing, the Court rejected defendant's argument that a sentence less than life in prison would satisfy the sentencing objectives of 18 U.S.C. § 3553(a). See Sentencing Transcript at 123 (in Court's view, "guidelines are right on in this case;" no factual or legal basis for argument that sentence of 480 months is sufficient to address sentencing objectives of Section 3553(a)). In particular, the Court noted that it was "greatly troubled" by defendant's criminal history which is replete with violent offenses starting as young as 16 years of age. See id. at 124. Defendant has not shown any prejudice from counsel's failure to object to use of his prior juvenile offender adjudication. In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346.

B.     Ineffective Assistance - Failure To Seek Discretionary Review (Claim 3)

Defendant claims that defense counsel was ineffective because he did not seek en banc review of the Tenth Circuit's decision or file a petition for writ of certiorari. Because defendant has no constitutional right to counsel in seeking rehearing en banc or in filing a petition for writ of certiorari, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (right to appointed counsel extends to first appeal of right and no further); Wainwright v. Torna, 455 U.S. 586, 587 (1982) (no right to counsel to pursue discretionary review); McNeal v. United States, 54 F.3d 776, 1995 WL 290233 (6th Cir. 1995) (no constitutional right to counsel in seeking rehearing en banc), he was not deprived of effective assistance of counsel when his attorney did not seek such remedies. See Steele v. United

---

[4] In a somewhat related context involving a co-defendant in this case, the Tenth Circuit held that where a defendant has been convicted of several offenses, it is hardly unreasonable to stack the statutory sentences to reach a presumptively reasonable Guidelines sentence. See United States v. Ivory, 532 F.3d 1095, 1107-08 (10th Cir. 2008). Likewise, where a defendant has been convicted of several offenses, it is hardly unreasonable to impose a Guidelines sentence where the statutory maximum for at least one of the offenses authorizes such a sentence.

States, 518 F.3d 986, 988 (8th Cir. 2008) (litigant without constitutional right to counsel cannot be deprived of effective assistance of counsel); United States v. Thomas, 33 Fed. Appx. 446, 448 (10th Cir. 2002) (because petitioner had no constitutional right to counsel, he was not deprived of effective assistance when attorney did not file petition for writ of certiorari); Booz v. Shanks, 129 F.3d 130, 1997 WL 697931, at *1 (10th Cir. Nov. 6, 1997) (movant ordinarily cannot assert ineffective assistance of counsel as to failure to file petition for certiorari); McNeal, 1995 WL 290233, at *2 (defendant's constitutional rights cannot be violated by failure to seek en banc review).

### III. Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #514) filed July 17, 2009 be and hereby is **OVERRULED.**

Dated this 26th day of February, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge