IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 04-20044-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| ANDRE IVORY, | ) | No. 09-2376-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On February 26, 2010, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #514). See Memorandum And Order (Doc. #525). On or about March 2, 2010, defendant received the Court's order which overruled his Section 2255 motion. See Certified Mail Receipt (Doc. #523). On May 3, 2010, the Court denied a certificate of appealability as to its ruling on defendant's Section 2255 motion. See Supplemental Memorandum And Order (Doc. #527).[1] On May 7, 2010, defendant received a copy of the Court's Supplemental Memorandum And Order (Doc. #527). See Certified Mail Receipt (Doc. #528). This matter is before the Court on defendant's letter (Doc. #529), which the Court construes as a motion for extension of time to respond to the Court's supplemental

---

[1] The Court issued the Supplemental Memorandum And Order (Doc. #527) because the original order did not include a ruling on a certificate of appealability. See Rule 11 of Rules Governing Section 2255 Proceedings (effective December 1, 2009). Like the Tenth Circuit, this Court "is not aware of any authority for the proposition that a district court *sua sponte* issuing an order finding no basis for a certificate of appealability in any way revives a foregone right to appeal the underlying decision, or extends the timetable for the filing of a notice of appeal, or that the order itself is somehow separately appealable from the underlying judgment." Order (Doc. #533) at 2. The Court had issued similar orders in several cases decided after December 1, 2009 so that in the event of an otherwise timely appeal, the record would reflect the Court's ruling on the issue in compliance with the amended rule.

memorandum and order, and Defendant's Renewed Motion For Extension Of Time To File Notice Of Appeal, Or Alternatively, Motion For Extension Of Time (Doc. #534) filed May 25, 2010.[2]

**Analysis**

**I.    Motion For Extension Of Time To Respond To Order (Doc. #529)**

Defendant seeks for an extension of time to file a "proper motion or to research this current Supplemental Memorandum And Order so that I can know if I have a certain amount of time to respond as well as to put together any motion to support my cause." Doc. #529 at 1. Defendant does not explain what type of motion he seeks to file. As noted above, the Court is not aware of any authority that a *sua sponte* supplemental order denying a certificate of appealability would be somehow subject to attack or separately appealable from the underlying judgment.[3] The Court therefore overrules defendant's motion to extend the time to respond to the Court's Supplemental Memorandum And Order (Doc. #527).

---

[2]    The Clerk's office received defendant's motion on June 3, 2010, but based on defendant's certificate of mailing, see Defendant's Renewed Motion For Extension Of Time To File Notice Of Appeal, Or Alternatively, Motion For Extension Of Time (Doc. #534) at 3, he is entitled to the benefit of the prison mailbox rule and his motion for extension of time is deemed filed as of May 25, 2010 when he delivered the motion to the designated prison official. See Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005) (prisoner motion deemed filed when prisoner gives it to prison officials for mailing and prisoner submits declaration under penalty of perjury of date on which prisoner gave documents to prison authorities and prisoner also attests that postage was prepaid); see also Houston v. Lack, 487 U.S. 266, 276 (1988) (notice of appeal deemed filed when delivered to prison officials for mailing); Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002) (habeas corpus petition deemed filed when petition handed over to prison authorities for mailing); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying mailbox rule to objections to magistrate's report).

[3]    Defendant asks the Court to liberally construe his letter of May 7, 2010 as a motion for extension of time to file an appeal. The Court declines to do so. The letter of May 7, 2010 does not seek leave to appeal the order which originally overruled defendant's Section 2255 motion. To the extent he seeks an extension of time to appeal the order which overruled his Section 2255 motion, the Court addresses the merits of that motion below.

## II.     Motion For Extension Of Time To Appeal (Doc. #534)

Defendant had 60 days, or until April 27, 2010, to appeal the order which overruled his Section 2255 motion. See Fed. R. App. P. 4(a)(1)(B) (when United States is party, notice of appeal to be filed within 60 days after judgment or order appealed from); Rule 11 of Rules Governing § 2255 Proceedings (applying Fed. R. App. P. 4(a)(1)(B)); United States v. Contreras, 224 Fed. Appx. 862, 866 (10th Cir. 2007). Defendant had 90 days, or until May 27, 2010 to file a motion for extension of time to appeal. See Fed. R. App. P. 4(a)(5).

Here, defendant filed his notice of appeal on May 21, 2010. See Order (Doc. #533) at 1. Because he did not file it by April 27, 2010, his notice was untimely. See id. On May 25, 2010, however, defendant timely asked for an extension of time to file an appeal. A district court may extend the deadline for filing a notice of appeal if a party timely files a motion and shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993).[4] On the other hand, inadvertence, ignorance of rules or mistakes construing rules do not usually constitute excusable neglect. See id. In determining whether a party has shown excusable neglect, the Courts considers all relevant circumstances including (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on the proceedings, (3) the reason for delay, including whether it was within the party's reasonable control and (4) whether the party acted in good faith. See id. at 395. Control over the

---

[4]     Although the Pioneer analysis was in the context of Fed. Bankr. R. 9006(b)(1), the Tenth Circuit has adopted it in other contexts as well. See City of Chanute, Kan. v. Williams Nat'l Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994).

-3-

circumstances of the delay is "a very important factor-perhaps the most important single factor-in determining whether neglect is excusable." City of Chanute, 31 F.3d at 1046.

The first two factors, the lack of prejudice and the relatively minor impact on the proceedings, favor an extension of time. The third and fourth factors, however, suggest that defendant has not shown excusable neglect. Although the Supreme Court has noted that "excusable neglect" may encompass some situations in which the failure to comply with a deadline is attributable to negligence, Pioneer, 507 U.S. at 394, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," id. at 392. Accordingly, even absent prejudice to the opposing party or disruption of judicial proceedings, a party's failure to read and follow the plain terms of the federal rules does not constitute excusable neglect. See Halicki v. La. Casino Cruises, Inc., 151 F.3d 465, 469-70 (5th Cir. 1998), cert. denied, 526 U.S. 1005 (1999); Prizevoits v. Ind. Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996); United States v. Andrews, 790 F.2d 803, 806 (10th Cir. 1986), cert. denied, 481 U.S. 1018 (1987).

Defendant argues that because of a facility lockdown on April 16, 2010, he could not access the law library to determine the legal requirements for a notice of appeal. Defendant does not explain why he failed to inquire about the requirements for an appeal before May 7, 2010 when he received the Court's supplemental order (some 70 days after the original order was entered). Based on his experience in this case and his familiarity with the 10-day deadline to file a notice of appeal in a criminal case, defendant should have at least inquired about the deadline for filing a notice of appeal before May 7, 2010. To the extent defendant was uncertain about the deadline to file an appeal, he could have filed a request similar to the one which he filed in response to the Court's

supplemental memorandum and order.[5] The facility lockdown beginning on April 16, 2010 does not provide good cause or excusable neglect for defendant's failure to inquire about the appeal deadline before May 7, 2010. The Court therefore overrules defendant's motion for an extension of time to file an appeal.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #529), which the Court construes as a motion for extension of time to respond to the Court's supplemental memorandum and order, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendant's Renewed Motion For Extension Of Time To File Notice Of Appeal, Or Alternatively, Motion For Extension Of Time</u> (Doc. #534) filed May 25, 2010 be and hereby is **OVERRULED**.

**The Clerk is directed to forward a copy of this order to the Tenth Circuit Court of Appeals.**

Dated this 6th day of July, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[5] Immediately after defendant received a copy of the supplemental order which denied a certificate of appealability as to the ruling on defendant's Section 2255 motion, he mailed a motion for extension of time to file a "proper motion or to research this current Supplemental Memorandum And Order so that I can know if I have a certain amount of time to respond as well as to put together any motion to support my cause." Doc. #529 at 1.