# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 04-20044-01-KHV |
| | ) | |
| ANDRE IVORY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On October 27, 2005, defendant pled guilty to six counts of distributing and possessing with intent to distribute cocaine base (Counts 2–7). On December 13, 2005, a jury found defendant guilty of conspiracy to kill a federal witness (Count 8), attempt to kill a federal witness (Count 10) and discharge of a firearm during the commission of a crime of violence (Count 11). On May 2, 2006, the Court sentenced defendant to a controlling term of life in prison.[1] On February 26, 2010, the Court overruled defendant's initial motion to vacate sentence under 28 U.S.C. § 2255. Memorandum And Order (Doc. #525). On December 6, 2019, based on United States v. Davis, 139 S. Ct. 2319, 2336 (2019), the Tenth Circuit granted defendant authorization to file a second or successive Section 2255 motion challenging his conviction and sentence under 18 U.S.C. § 924(c) (Count 11). Order (Doc. #583). This matter is before the Court on defendant's Motion For Appointment Of Counsel (Doc. #584) filed February 20, 2020. For reasons stated below, the Court overrules defendant's motion.

Defendant seeks appointment of counsel to assist in filing a Section 2255 motion. Unless

---

[1] The Court sentenced defendant to 360 months in prison on Counts 2 and 3; life in prison on each of Counts 4 through 7; 240 months in prison on Counts 8 and 10; and 120 months in prison on Count 11 with the sentence on Count 11 to be served consecutively to the sentence on all other counts.

the Court determines that an evidentiary hearing is required, defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a post-conviction motion such as one under Section 2255. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995). In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).

Applying these factors, defendant is not entitled to counsel. The Tenth Circuit found that defendant had made a prima facie showing that his second or successive Section 2255 motion satisfies the gatekeeping requirements for such motions, but it did not address the merits of such a motion. From a preliminary review of defendant's contemporaneous convictions including conspiracy to kill and attempt to kill a federal witness, his claim under Davis appears to lack merit. In any event, his claim is not particularly complex factually or legally. Further, defendant appears able to adequately present his claim. Indeed, based on his pro se filings, the Tenth Circuit authorized his successive Section 2255 motion. For these reasons, at this stage, the Court overrules defendant's motion to appoint counsel to help him file a Section 2255 motion.

Defendant also asks the Court to appoint counsel to help him file a motion to reduce his sentence under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018). This issue was not within the scope of the Tenth Circuit's recent order. On January 2, 2019, the Honorable Julie A. Robinson of the District of Kansas appointed the Office of the Federal Public Defender to represent any indigent defendant who was previously convicted and sentenced in the District of Kansas to determine whether that defendant may qualify for relief

under Section 404 of the First Step Act of 2018, and if so, to assist the defendant in obtaining such relief. At this stage, the Court overrules defendant's request for counsel under the First Step Act as moot. If the Office of the Federal Public Defender declines to seek relief on defendant's behalf and if it has not already done so, it shall notify defendant no later than April 30, 2020.

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #584) filed February 20, 2020 is **OVERRULED**.

**IT IS FURTHER ORDERED that if the Office of the Federal Public Defender declines to seek relief on defendant's behalf under the First Step Act of 2018 and if it has not already done so, it shall notify defendant no later than April 30, 2020.**

**The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender.**

Dated this 27th day of March, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
