**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 04-20044-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| ANDRE IVORY, ) | No. 20-2156-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

After defendant pled guilty to multiple counts of distributing and possessing with intent to distribute cocaine base, a jury found him guilty of conspiracy to kill a federal witness, attempted killing of a witness and discharge of a firearm during the commission of a crime of violence. On May 2, 2006, the Court sentenced defendant to a controlling term of life in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #585) filed March 27, 2020 and defendant's Motion For Reduced Sentence Under Section 404(b) Of The First Step Act (Doc. #589) filed April 13, 2020. For reasons stated below, the Court overrules in part and dismisses in part defendant's Section 2255 motion and sustains defendant's First Step Act motion.

## Factual Background

On March 25, 2004, law enforcement officers arrested defendant on various drug charges after an informant, Tania Atkins, purchased crack cocaine from him on several occasions. Shortly thereafter and while in custody, defendant instructed his girlfriend, Pamela Tyler, to meet with her brother, Mark McGee, to organize and execute a plan to kill Atkins. For approximately one month, defendant had daily conversations with Tyler about the plan to kill Atkins. Eventually, McGee

recruited Kyle Crayton to kill Atkins. On April 29, 2004, Crayton rammed his vehicle into the van that Atkins was driving and fired from a 9mm Ruger at Atkins until the gun jammed. Atkins survived but suffered severe injuries.

On May 26, 2005, a grand jury returned an 11-count superseding indictment which, in part, charged defendant with conspiracy to distribute or possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 (Count 1), distributing and possessing with intent to distribute cocaine base (Counts 2 through 7), conspiracy to kill a federal witness in violation of 18 U.S.C. §§ 371 and 1512(k) (Count 8), attempted murder of a witness in violation of 18 U.S.C. § 1512(a)(1)(A) (Count 10) and discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 11). See Third Superseding Indictment (Doc. #213).

On October 22, 2005, pursuant to 21 U.S.C. § 851, the government filed an Enhancement Information (Doc. #310) to establish defendant's prior drug felony conviction in Wyandotte County (Kansas) District Court, Juvenile Division, Case No. 90-JV-1644.[1] The filing of the information increased the statutory maximum on Counts 2 and 3 from 20 to 30 years in prison and increased the statutory maximum on Counts 4 through 7 from 40 years to life in prison.

On October 27, 2005, without a plea agreement, defendant pled guilty to Counts 2 through 7. On October 31, 2005, the Court commenced a jury trial on the remaining counts against defendant as well as Tyler and McGee. On December 13, 2005, the jury returned a verdict which found defendant not guilty of the drug conspiracy (Count 1) but guilty of the charges related to the attempted killing of Atkins (Counts 8, 10 and 11). See Verdict (Doc. #372).

---

[1] The juvenile court adjudicated defendant a "juvenile offender" in a case which involved a conspiracy to possess cocaine. Defendant was 14 years old.

Defendant's total offense level was 44, with a criminal history category VI, resulting in a guideline sentence of life. On May 2, 2006, the Court sentenced defendant to 360 months in prison on Counts 2 and 3; life in prison on each of Counts 4 through 7; and 240 months in prison on Counts 8 and 10, with all of those sentences to run concurrent with each other. As to Count 11, the Court sentenced defendant to 120 months to be served consecutively to the sentence on all other counts. Defendant appealed his convictions and challenged a number of the enhancements which the Court applied during the contested sentencing hearing. On July 14, 2008, the Tenth Circuit affirmed defendant's convictions and sentence. United States v. Ivory, 532 F.3d 1095 (10th Cir. 2008).

On February 26, 2010, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #525).

On December 6, 2019, the Tenth Circuit authorized defendant to file a successive Section 2255 motion to challenge his Section 924(c) conviction (Count 11) based on United States v. Davis, 139 S. Ct. 2319 (2019). Order (Doc. #583) filed December 6, 2019 at 2. Specifically, the Tenth Circuit found that Davis had announced a new rule of constitutional law that the Supreme Court made retroactive to cases on collateral review. See id.

On March 27, 2020, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that (1) his conviction and sentence under 18 U.S.C. § 924(c) should be vacated in light of Davis; (2) his guilty plea to Counts 2 through 7 was not voluntary or knowing; and (3) counsel provided ineffective assistance at sentencing and

on appeal.²

On April 13, 2020, defendant filed a motion to reduce his sentence under Section 404(b) of the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194 (enacted Dec. 21, 2018).

## Legal Standards Under 28 U.S.C. § 2255

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's convictions were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir.1989). To prevail, defendant must establish either (1) the district court lacked jurisdiction to enter the convictions and sentence, (2) the district court imposed a sentence outside of the statutory limits, (3) a constitutional error occurred and "had substantial and injurious effect or influence in determining the jury's verdict" or defendant's sentence, Brecht v. Abrahamson, 507 U.S. 619, 638 (1993), or (4) a non-constitutional error of law or an error of fact occurred that constituted a fundamental defect which inherently resulted in a complete miscarriage of justice, i.e. that rendered the entire proceeding irregular and invalid. United States v. Fields, 949 F.3d 1240, 1246 (10th Cir. 2019) (citing United States v. Addonizio, 442 U.S. 178, 185–186 (1979)).

## Analysis

### I.     Motion To Vacate Under 28 U.S.C. § 2255

Defendant claims that his conviction and sentence under 18 U.S.C. § 924(c) should be vacated in light of Davis.³ The jury convicted defendant on Count 11, which charged him with

---

² Defendant also claims that the Court improperly instructed the jury about crimes of violence. The Court has construed defendant's arguments in support of this claim as part of his overall claim that his Section 924(c) conviction and sentence should be vacated.

³ The Tenth Circuit's authorization for defendant to file a successive Section 2255 motion was limited to a challenge to "his § 924(c) conviction and sentence under *Davis*." Order
(continued . . .)

using or carrying a firearm during and in relation to the crimes of conspiracy to kill a witness (Count 8) and attempting to kill a witness (Count 10).  Instructions To The Jury (Doc. #370) filed December 13, 2005, No. 39.  Defendant argues that his conviction on Count 11 should be vacated because under Davis, the predicate offenses in Counts 8 and 10 no longer qualify as crimes of violence under Section 924(c)(3).

Under Section 924(c)(3), a crime of violence is defined as an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (residual clause).  18 U.S.C. § 924(c)(3).  In Davis, the Supreme Court held that the

---

[3](…continued)
(Doc. #583) at 2.  Defendant asserts two claims which go beyond the Tenth Circuit's authorization: (1) that his guilty plea to Counts 2 through 7 was not voluntary or knowing and (2) counsel provided ineffective assistance at sentencing and on appeal.  Because defendant has previously sought relief under Section 2255, the Court construes claims which are beyond the scope of the Tenth Circuit authorization as part of a second or successive Section 2255 motion.  See Spitznas v. Boone, 464 F.3d 1213, 1225 (10th Cir. 2006) (issue should be considered part of second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction").

If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court has discretion in deciding whether to transfer or dismiss without prejudice.  Trujillo v. Williams, 465 F.3d 1210, 1222–23 (10th Cir. 2006).  Defendant's claims related to the voluntariness of his plea and ineffective assistance of counsel do not satisfy the authorization standards under Section 2255.  Defendant has not asserted "newly discovered evidence" or shown that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable.  See 28 U.S.C. § 2255(h).  Accordingly, the Court dismisses this portion of defendant's motion as a successive Section 2255 motion rather than transferring it to the Tenth Circuit.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

5

residual clause of the "crime of violence" definition in Section 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336.

Count 11 charged that defendant used, carried and discharged the firearm during and in relation to two crimes of violence, i.e. attempt to kill a witness and conspiracy to kill a witness.[4] The Court instructed the jury that to find defendant guilty on Count 11, it had to find that he committed one of the two predicate offenses (Counts 8 or 10) and that he used, carried or discharged a firearm in relation to that crime. Instructions To The Jury (Doc. #370), No. 38. As noted above, the jury found defendant guilty on both Counts 8 and 10. Even so, the government concedes that under Davis, conspiracy to kill a witness (Count 8) no longer qualifies as a crime of violence on the Section 924(c) charge in Count 11. See Response Of The United States To Defendant's Motion To Vacate Sentence (Doc. #588) filed March 30, 2020 at 5. The government maintains, however, that because attempt to kill a witness (Count 10) qualifies as a crime of violence even after Davis, defendant's conviction on Count 11 should not be vacated. Liberally construing defendant's arguments, he maintains that (1) aiding and abetting the attempted killing of a witness is not a crime of violence and (2) even if it is a crime of violence, his conviction on

---

[4] Count 11 charged in its entirety as follows:

On or about April 29, 2004, in the District of Kansas, the defendants, ANDRE LAMAR IVORY a.k.a. DRE, PAMELA RENEA TYLER a.k.a. LAUNDA, and MARK MANUEL McGEE a.k.a. SMOOTH knowingly used, carried, and discharged a firearm, that is, a 9mm handgun, during and in relation to, crimes of violence, *attempt to kill a witness and conspiracy to kill a witness*, for which they may be prosecuted in a court of the United States; and possessed a firearm, that is, a 9 mm handgun, in furtherance of crimes of violence, *attempt to kill a witness and conspiracy to kill a witness*, for which they may be prosecuted in a court of the United States.
This was in violation of Title 18, United States Code, Section 924(c)(1).

Instructions To The Jury (Doc. #370), No. 20 (emphasis added).

Count 11 should be vacated because the general verdict allowed the jury to find him guilty based on an offense—conspiracy to kill a witness—that is not a crime of violence.

### A. Attempted Killing Of A Witness Is A "Crime Of Violence"

Count 10 charged defendant with violating 18 U.S.C. § 1512(a)(1)(A), which makes it a crime to attempt to kill another person with intent to prevent the attendance or testimony of any person in an official proceeding. Instructions To The Jury (Doc. #370), No. 35. Count 10 also charged defendant under 18 U.S.C. § 2 with aiding and abetting the attempted killing of Atkins. See 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.").

Initially, the Court notes that because defendant was in federal custody when Atkins was shot, the jury necessarily convicted him under an aiding and abetting theory. Even so, aiding and abetting is not a separate crime, but simply "an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." United States v. Sosa, 777 F.3d 1279, 1292 (11th Cir. 2015) (quotation marks and citation omitted); United States v. Deiter, 890 F.3d 1203, 1216 (10th Cir.) (aiding and abetting not separate crime but only eliminates legal distinction between aiders and abettors and principals), cert. denied, 139 S. Ct. 647 (2018). Therefore, to decide whether Count 10 satisfies the elements clause of Section 924(c), the Court looks to the underlying statute of conviction—attempted killing of a witness, 18 U.S.C. § 1512(a)(1)(A)—rather than the aiding and abetting statute, 18 U.S.C. § 2. See Dieter, 890 F.3d at 1215–16 (aiding and abetting Hobbs Act robbery is crime of violence under § 924(c)(3)(A)); see also Kidd v. United States, 929 F.3d 578, 581 (8th Cir. 2019) (if underlying offense categorically qualifies as crime of violence under § 924(c)(3)(A), aiding and abetting offense also qualifies), cert. denied, 140 S. Ct. 894 (2020).

Under the elements clause, killing a witness is a crime of violence because it has as an element the use of physical force against another person. See United States v. Mathis, 932 F.3d 242, 265 (4th Cir.) (federal witness tampering by murder under Section 1512(a)(1)(C) satisfies elements clause because it requires unlawful killing of another, which may be accomplished by force exerted either directly or indirectly), cert. denied sub nom. Uhuru v. United States, 140 S. Ct. 639, 205 L. Ed. 2d 401 (2019), and cert. denied sub nom. Stokes v. United States, 140 S. Ct. 640 (2019). The elements clause includes the "attempted use" of physical force against another person. 18 U.S.C. § 924(c)(3)(A) (crime of violence includes offense that is felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). Therefore, the attempted killing of a witness also qualifies as a crime of violence under the elements clause of Section 924(c)(3)(A). See United States v. Brant, No. CR 4:97-866-CMC, 2019 WL 4466980, at *5 (D.S.C. Sept. 18, 2019) (attempted killing under Section 1512(a)(1) is crime of violence under elements clause of Section 924(c)(3)(A), cert. of appealability denied and appeal dismissed, No. 19-7753, 2020 WL 3259268 (4th Cir. June 16, 2020); West v. United States, No. 2:09-cv-00052, 2019 WL 4132437, at *2–3 (S.D. W. Va. Aug. 29, 2019) (same).

   B. Sufficiency Of The General Verdict On Count 11

As to Count 11, the Court instructed the jury that to sustain its burden of proof, as to each defendant, the government had to prove the following elements beyond a reasonable doubt:

> FIRST: Defendant conspired to kill a federal witness, as charged in Count 8, or defendant attempted to kill a witness or aided and abetted another in doing so, as charged in Count 10; and
>
> SECOND: Defendant knowingly used, possessed, brandished or discharged a firearm during and in relation to that crime of violence or in furtherance of that crime.

8

No. 39.  Because conspiracy to kill a witness no longer qualifies as a crime of violence under the subsequent Supreme Court decision in Davis, the Court's instruction on Count 11 was erroneous.

The jury returned a general verdict of guilty on Count 11, which did not include a finding that defendant was guilty of using a firearm during the commission of the conspiracy to kill a witness (which is not a crime of violence) or the attempted killing of a witness (which is a crime of violence), or both.  On direct appeal of a preserved error and when the Court's instructions permit the jury to convict on alternative theories, one of which is valid and one of which is legally erroneous, a general verdict must be set aside when "it is impossible to tell which ground the jury selected."  United States v. Samora, 954 F.3d 1286, 1295 (10th Cir. 2020) (quoting Yates v. United States, 354 U.S. 298, 312 (1957), overruled in part on other grounds by Burks v. United States, 437 U.S. 1 (1978), and Griffin v. United States, 502 U.S. 46 (1991)); see also United States v. Miller, 84 F.3d 1244, 1257 (10th Cir. 1996) ("Because the instruction defining one of the two alternative grounds for conviction was legally erroneous, we must reverse the conviction unless we can determine with absolute certainty that the jury based its verdict on the ground on which it was correctly instructed.").  On habeas review, however, a defendant is not entitled to relief unless a constitutional error "had substantial and injurious effect or influence in determining the jury's verdict."  Brecht, 507 U.S. at 638; cf. United States v. Sorensen, 801 F.3d 1217, 1238 (10th Cir. 2015) (Yates standard does not apply on plain error review; appellant bears burden to show that absent claimed error, result of proceeding would have been different).

Here, the trial record conclusively establishes that including conspiracy to kill a witness as a predicate offense on Count 11 did not have a "substantial and injurious effect or influence" on the jury verdict of guilty.  Brecht, 507 U.S. at 638.  The government presented the same evidence—Crayton's firing of three rounds from a 9mm handgun at Atkins—to show that defendant

9

discharged a firearm during and in relation to both the conspiracy to kill a witness (Count 8) and the attempted killing of a witness (Count 10). The Court cannot envision how the jury could have concluded that the firearm had been discharged in connection with only one of the two predicate offenses. See Rosario Figueroa v. United States, No. 16-CV-4469 (VEC), 2020 WL 2192536, at *4–5 (S.D.N.Y. May 6, 2020) (even if one of two alternative Section 924(c) predicate offenses not crime of violence, no prejudice where "very same evidence" jury used to find that defendant committed predicate offense that was crime of violence also showed defendant used firearm in connection with that offense); Umar v. United States, No. 2:10-CR-56-5, 2019 WL 4261113, at *3 (E.D. Va. Sept. 5, 2019) (defendant not entitled to habeas relief where at least one of several predicate offenses for Section 924(c) offense is crime of violence); United States v. Francies, No. 16-CV-7459, 2019 WL 4120444, at *6–7 (N.D. Ill. Aug. 28, 2019) (even if one of two alternative Section 924(c) predicate offenses not crime of violence, error harmless where "bounds of rationality" stretched to believe that jury convicted solely based on non-violent predicate offense); Johnson v. United States, No. CR-05-920-RSWL-1, 2019 WL 1790218, at *7 (C.D. Cal. Apr. 23, 2019) (same). Accordingly, the Court overrules defendant's motion to vacate his conviction and sentence on Count 11.

C.   Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; Cervini, 379 F.3d at 994 (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988)

(no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

        D.        Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

## II.        Motion For Reduced Sentence Under Section 404(b) Of The First Step Act

Defendant seeks relief under the First Step Act of 2018, which retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act § 404(a) (First Step Act applies to sentences for violation of federal criminal statute with statutory penalties modified by Fair Sentencing Act that was committed before August 3, 2010). Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. See 21 U.S.C.

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

§ 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison). Under the First Step Act of 2018, the Court may impose a reduced sentence as if the revised statutory penalties of the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act § 404(b).

The government concedes that Counts 4 through 7 are "covered offenses" under the First Step Act.[6] See Response Of The United States To Defendant's Motion For Sentence Reduction Under The First Step Act (Doc. #590) filed April 16, 2020 at 6. Even so, the government states that the First Step Act does not apply because the non-drug offenses (Counts 8, 10 and 11) drove the overall guideline range. See id. at 7. While defendant's guideline range remains life in prison, the government fails to address the change in the statutory maximum to Counts 4 through 7. Because Counts 4 through 7 charged distribution of "more than five grams of cocaine base," the First Step Act eliminated the statutory minimum for those offenses and lowered the statutory maximum from life to 30 years.[7]

As noted above, the Court sentenced defendant to 360 months in prison on Counts 2 and 3; life in prison on each of Counts 4 through 7; and 240 months in prison on Counts 8 and 10, with

---

[6] The government also concedes that Count 3 is a "covered offense," but Count 3 did not charge a specific quantity of cocaine base. Because the First Step Act did not modify the statutory penalties on Count 3, which charged a violation of 21 U.S.C. § 841(b)(1)(C), the Court does not treat it as a covered offense.

[7] Because defendant had a prior conviction for a felony drug offense, the prior statutory range included a minimum of ten years in prison and a maximum of life in prison. See 21 U.S.C. § 841(b)(1)(B) (increasing statutory range from five to 40 years to ten years to life for felony drug offense). Under the First Step Act, the Court determines defendant's revised statutory range for Counts 3 through 7 under Section 841(b)(1)(C) which includes no statutory minimum but a maximum of 30 years in prison for a prior felony drug offense.

all of those sentences to run concurrent with each other.  As to Count 11, the Court sentenced defendant to 120 months to be served consecutively to the sentence on all other counts.

As explained above, defendant's guideline range remains life.  In light of the First Step Act and the revised statutory maximum, however, the Court must reduce defendant's sentence on Counts 4 through 7 from life to 30 years or less.  The Court did not impose a life sentence on any other count.  Accordingly, the Court must revise defendant's sentence as if the statutory penalties of the Fair Sentencing Act of 2010 were in effect at the time the covered offenses were committed.  First Step Act § 404(b).  Before doing so, the Court appoints counsel to represent defendant on the issue of the revised sentence.  On or before July 22, 2020, the Office of the Federal Public Defender ("FPD") shall enter an appearance for defendant if it can do so without violating relevant canons of ethics.  If the FPD is unable to enter an appearance, the Court will appoint substitute counsel.  Within 30 days after counsel enters an appearance for defendant, the government shall file a memorandum on the appropriate revised sentence including (1) whether it requests a hearing on the revised sentence and if so, the scope of the hearing including the proffered testimony of any proposed witnesses, (2) the appropriate revised sentence on Counts 4 through 7, (3) whether under the First Step Act, the Court can modify the sentence on counts that are not covered offenses, i.e. Counts 2, 3, 8, 10 and 11,[8] (4) defendant's post-conviction rehabilitation and (5) the victim's present condition.  Within 30 days after the government files its memorandum, defendant shall file a memorandum which addresses the same issues.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To

---

[8]     On Count 11, the Court originally imposed a sentence of 10 years consecutive to the sentence on the remaining counts.  Even so, defendant potentially remains subject to a statutory maximum of life on Count 11.  See United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000) (noting that "every conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under").

Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #585) filed March 27, 2020 is **OVERRULED in part and DISMISSED in part**.  The Court overrules defendant's motion as to his claim that his conviction and sentence on Count 11 should be vacated in light of United States v. Davis, 139 S. Ct. 2319 (2019).  The Court dismisses defendant's motion as a second or successive petition under 28 U.S.C. § 2255 as to his claims that (1) his plea was not voluntary and knowing and (2) counsel provided ineffective assistance.

**IT IS FURTHER ORDERED** that defendant's Motion For Reduced Sentence Under Section 404(b) Of The First Step Act (Doc. #589) filed April 13, 2020 is **SUSTAINED**.  After counsel enters an appearance for defendant and the parties have an opportunity to be heard on the issue, the Court will enter a revised judgment.

**IT IS FURTHER ORDERED that on or before July 22, 2020, the Office of the Federal Public Defender shall enter an appearance for defendant if it can do so without violating relevant canons of ethics.**

**IT IS FURTHER ORDERED that within 30 days after counsel enters an appearance for defendant, the government shall file a memorandum on the appropriate revised sentence including (1) whether it requests a hearing on the revised sentence and if so, the scope of the hearing including the proffered testimony of any proposed witnesses, (2) the appropriate revised sentence on Counts 4 through 7, (3) whether under the First Step Act, the Court can modify the sentence on counts that are not covered offenses, i.e. Counts 2, 3, 8, 10 and 11, (4) defendant's post-conviction rehabilitation and (5) the victim's present condition.  Within 30 days after the government files its memorandum, defendant shall file a memorandum on the appropriate revised sentence which also addresses the above issues.**

**The Clerk shall forward a copy of this Memorandum And Order to the Office of the Federal Public Defender.**

Dated this 8th day of July, 2020 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge