## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 04-20044-01-KHV |
| | ) | |
| ANDRE IVORY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

On July 8, 2020, the Court overruled in part and dismissed in part defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #585) filed March 27, 2020.  It also sustained defendant's Motion For Reduced Sentence Under Section 404(b) Of The First Step Act (Doc. #589) filed April 13, 2020.  See Memorandum And Order (Doc. #592) at 13–14.

Defendant appealed the Court's ruling on his Section 2255 motion, which sought relief under United States v. Davis, --- U.S. ----, 139 S. Ct. 2319 (2019).  On July 6, 2021, the Tenth Circuit denied defendant's request for a certificate of appealability.  See Order Denying Certificate Of Appealability (Doc. #608).

On defendant's claim under the First Step Act, the Court appointed the Office of the Federal Public Defender and directed further briefing on the scope of relief.  See id.  On August 27, 2020, the Court stayed briefing until the Tenth Circuit decided United States v. Jason McKinney, 10th Cir. No.  19-3105.  The Tenth Circuit decided that case on May 28, 2021.  2021 WL 2179345 (10th Cir. 2021).  Accordingly, the Court lifts the stay in this matter.

As explained before, defendant's guideline range remains life.  See Memorandum And

Order (Doc. #592) at 13.   In light of the First Step Act and the revised statutory maximum, however, the Court must reduce defendant's sentence on Counts 4 through 7 from life to 30 years or less.   Id.   The Court did not impose a life sentence on any other count.   Accordingly, the Court must revise defendant's sentence on Counts 4 through 7 as if the statutory penalties of the Fair Sentencing Act of 2010 were in effect at the time he committed the covered offenses.[1]   First Step Act § 404(b).   **On or before September 13, 2021, the government shall file a memorandum on the appropriate revised sentence including (1) whether it requests a hearing on the revised sentence and if so, the scope of the hearing including the proffered testimony of any proposed witnesses; (2) the appropriate revised sentence on Counts 4 through 7; (3) defendant's post-conviction rehabilitation; and (4) the victim's present condition.   On or before September 30, 2021, defendant shall file a memorandum which addresses the same issues.**

**IT IS SO ORDERED**

Dated this 20th day of August, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]     Because Counts 2, 3, 8, 10 and 11 are not "covered offenses" under the First Step Act, the Court lacks authority to modify those counts.   See United States v. Martin, 974 F.3d 124, 137 (2d Cir. 2020) (plain language of First Step Act permits limited modification of specific sentence and does not give district courts carte blanche authority to modify terms of imprisonment other than those imposed for "covered offenses"); see also id. at 136 (aggregation of sentence for administrative purposes "does not imply that every sentence imposed may be modified based on an authorization to modify one component part.").