IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20044-01-KHV |
| ANDRE IVORY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

After defendant pled guilty to multiple counts of distributing and possessing with intent to distribute cocaine base, a jury found him guilty of conspiracy to kill a federal witness, attempted murder of a witness and discharge of a firearm during the commission of a crime of violence. On May 2, 2006, the Court sentenced defendant to a controlling term of life in prison. On February 1, 2022, under the compassionate release statute, the Court resentenced defendant to 360 months in prison and a special term of supervised release of 60 months of home confinement. Memorandum And Order (Doc. #622) at 12–13. This matter is before the Court on defendant's Pro Se Motion For Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #652) filed February 29, 2024, which seeks a sentence of time served with a special term of supervised release on home confinement equal to his unserved prison term. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On March 25, 2004, law enforcement officers arrested defendant on various drug charges after an informant, Tania Atkins, purchased crack cocaine from him on several occasions. Shortly thereafter and while in custody, defendant instructed his girlfriend, Pamela Tyler, to meet with her

brother, Mark McGee, to organize and execute a plan to kill Atkins.  For approximately one month, defendant had daily conversations with Tyler about the plan to kill Atkins.  Eventually, McGee recruited Kyle Crayton to kill Atkins.  On April 29, 2004, Crayton rammed his vehicle into the van that Atkins was driving and fired from a 9mm Ruger at Atkins until the gun jammed.  Atkins survived but suffered severe injuries.

On May 26, 2005, a grand jury returned an 11-count superseding indictment which, in part, charged defendant with conspiracy to distribute or possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 (Count 1), distributing and possessing with intent to distribute cocaine base (Counts 2 through 7), conspiracy to kill a federal witness in violation of 18 U.S.C. §§ 371 and 1512(k) (Count 8), attempted murder of a witness in violation of 18 U.S.C. § 1512(a)(1)(A) (Count 10) and discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 11).  See Third Superseding Indictment (Doc. #213).

On October 22, 2005, pursuant to 21 U.S.C. § 851, the government filed an Enhancement Information (Doc. #310) to establish defendant's prior drug felony conviction in Wyandotte County (Kansas) District Court, Juvenile Division, Case No. 90-JV-1644.[1]  The filing of the information increased the statutory maximum on Counts 2 and 3 from 20 to 30 years in prison and increased the statutory maximum on Counts 4 through 7 from 40 years to life in prison.

On October 27, 2005, without a plea agreement, defendant pled guilty to Counts 2 through 7.  On October 31, 2005, the Court commenced a jury trial on the remaining counts against defendant as well as Tyler and McGee.  On December 13, 2005, the jury returned a verdict which

---

[1]  The juvenile court adjudicated defendant a "juvenile offender" in a case which involved a conspiracy to possess cocaine.  Defendant was 14 years old.

found defendant not guilty of the drug conspiracy (Count 1) but guilty of the charges related to the attempted killing of Atkins (Counts 8, 10 and 11).  See Verdict (Doc. #372).

Defendant's total offense level was 44, with a criminal history category VI, resulting in a guideline sentence of life.  On May 2, 2006, the Court sentenced defendant to 360 months in prison on Counts 2 and 3; life in prison on each of Counts 4 through 7; and 240 months in prison on Counts 8 and 10, with all of those sentences to run concurrent with each other.  As to Count 11, the Court sentenced defendant to 120 months to be served consecutively to the sentence on all other counts.  Defendant appealed his convictions and challenged a number of the enhancements which the Court applied during the contested sentencing hearing. On July 14, 2008, the Tenth Circuit affirmed defendant's convictions and sentence.  United States v. Ivory, 532 F.3d 1095 (10th Cir. 2008).

On July 8, 2020, the Court sustained defendant's pro se motion to reduce his sentence under Section 404(b) of the First Step Act.  Memorandum And Order (Doc. #592).  The Court held that because Counts 4 through 7 charged distribution of "more than five grams of cocaine base," the First Step Act eliminated the statutory minimum for those offenses and lowered the statutory maximum from life to 30 years.[2]  Id. at 14.  Accordingly, defendant was entitled to a reduced

---

[2]     Effective August 3, 2010, Section 2 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, increased the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences.  In particular, the Fair Sentencing Act raised from 50 to 280 grams the amount of cocaine base needed to trigger the statutory range in Section 841(b)(1)(A)(iii), i.e. 20 years to life with a prior qualifying conviction.  See 21 U.S.C. § 841(b)(1)(A)(iii).  The Fair Sentencing Act also raised from five to 28 grams the amount of crack cocaine needed to trigger the statutory range in Section 841(b)(1)(B)(iii), i.e. ten years to life with a prior qualifying conviction.  See 21 U.S.C. § 841(b)(1)(B)(iii).  Because defendant had a prior conviction for a felony drug offense, the prior statutory range included a minimum of ten years in prison and a maximum of life in prison.  See 21 U.S.C. § 841(b)(1)(B) (increasing statutory range from five to 40 years to ten years to life for prior felony drug offense).  After the First Step Act retroactively applied the revised statutory penalties of the Fair Sentencing Act, and in light of
(continued. . .)

sentence to 30 years or less on each of Counts 4 through 7.  Id. at 13–14.

Instead of filing a brief solely on the issue of an appropriate revised sentence on Counts 4 through 7, defendant filed a motion for compassionate release to reduce his sentence on all counts. On February 1, 2022, based on the reduction of the statutory imprisonment range on defendant's drug charges, his rehabilitation and the applicable factors under 18 U.S.C. § 3553(a), the Court sustained his motion for compassionate release and reduced his controlling sentence from life to 360 months with a special term of supervised release including home confinement of 60 months. See Memorandum And Order (Doc. #622) at 12–13.  On each of Counts 4 through 7, the Court reduced defendant's sentence to 20 years.  See id. at 12.  Because the Court already considered the reduced statutory ranges on defendant's compassionate release motion, it did not grant any further reduction of defendant's sentence on Counts 4 through 7 under Section 404(b) of the First Step Act.  See id. at 12 n.6.  The Tenth Circuit affirmed.  United States v. Ivory, No. 22-3094, 2023 WL 4488193 (10th Cir. 2023).

The Bureau of Prisons calculates that defendant's projected release date is October 17, 2029.  See BOP, Find An Inmate, available at https://www.bop.gov/inmateloc (last accessed May 3, 2024).  Defendant asks the Court to further reduce his sentence under the compassionate release statute because (1) under current law, the statutory range of punishment on Counts 4 through 7 and his criminal history points would be lower than at his initial sentencing, (2) he suffers from various medical issues and (3) he has shown rehabilitation in prison.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has

---

[2](. . . continued)
defendant's qualifying conviction, his revised statutory range on Counts 4 through 7 has no minimum but a maximum of 30 years.  See 21 U.S.C. § 841(b)(1)(C).

expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).  Under the First Step Act of 2018, the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).[3]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants.  U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement).  Under the policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons exist if

---

[3]  The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  Defendant asserts that he initially submitted an administrative request to the warden on December 16, 2023.  The government argues that BOP has no record of such a request.  On March 13, 2024, defendant resubmitted his request.  See Exhibit A1 to Pro Se Reply To Government's Response (Doc. #655).  On April 2, 2024, the warden denied defendant's request.  See Exhibit A2 to Pro Se Reply To Government's Response (Doc. #655).  Therefore, defendant has satisfied the exhaustion prerequisite.

defendant establishes any one or combination of the following circumstances: (1) he has certain medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.  U.S.S.G. § 1B1.13(b)(1)–(6).

### I. Extraordinary And Compelling Reasons For A Reduced Sentence

Defendant asks the Court to reduce his sentence because (1) the law has changed since his initial sentencing, (2) he suffers from various medical issues and (3) he has shown rehabilitation in prison.

### A. Change In Law Combined With Unusually Long Sentence

Defendant asks the Court to reduce his sentence because he is serving an unusually long sentence and today, the statutory range of punishment on Counts 4 through 7 and his criminal history points would be lower than at his initial sentencing.[4]  Because defendant cannot show that

---

[4] Defendant also argues that Congress has expanded the class of defendants who are eligible for the "safety valve" under 18 U.S.C. § 3553(f), but he does not explain how he would be eligible for such relief.  Even under the current statute, defendant does not appear to be eligible for the statutory safety valve because (1) excluding one-point offenses, he has more than four criminal history points, (2) he induced another to use violence and possess a firearm in connection with the offense, (3) the offense resulted in serious bodily injury and (4) he organized the criminal activity.  See 18 U.S.C. § 3553(f)(1)–(4).

6

either change in law produces a gross disparity between the sentence defendant is serving and the sentence likely to be imposed today, he cannot show that such changes are extraordinary and compelling reasons for relief.  See U.S.S.G. § 1B1.13(b)(6).

Defendant argues that if sentenced today, he would face no statutory minimum on Counts 2 through 7 and the statutory maximum on each of those counts would be 20 years (instead of 30 years on Counts 2 and 3, and life on Counts 4 through 7) and that his criminal history category would be reduced from VI to V.[5]  Even with such changes, defendant's guideline range today remains life in prison.[6]  In February of 2022, the Court determined that even with the change of law related to the statutory ranges under Counts 2 through 7 and the one-level decrease in defendant's total offense level, a sentence of 360 months was appropriate.  Defendant has not shown that any changes in law created a gross disparity between his sentence of 360 months and the sentence likely to be imposed if he were resentenced today.  In sum, defendant has not shown that any change in law is an extraordinary and compelling reason for a reduced sentence.[7]

---

[5]     Defendant originally had a total of 13 criminal history points, which corresponded to a category VI under the Guidelines.  Today, after Amendment 821, his criminal history points would be reduced to 12 or a category V under the Guidelines.

[6]     Defendant originally had a total offense level of 36 on the drug charges (Counts 2 through 7) and an offense level of 43 on the attempted killing of a witness charges (Counts 8 and 10).  After the Court applied the multiple count adjustment, U.S.S.G. § 3D1.4, defendant's total offense level was 44.  Today, defendant's total offense level is 43 or one level lower than at his original sentencing.  Even so, because the Guidelines do not include ranges for offense levels above 43, defendant's guideline range remains life in prison.  In addition, for an offense level 43, defendant's guideline range is life for all criminal history categories.

[7]     To the extent that defendant argues that extraordinary and compelling reasons exist because the sentence in his case creates a disparity between the length of his sentence relative to other offenders today with similar conduct, the Court denies relief.  As explained above, defendant has not shown that his sentence would be different under the current version of the Guidelines. The guideline ranges reflect the relative culpability and criminal history of each defendant. Defendant has not shown that the length of his sentence relative to the average sentence of similar offenders is an extraordinary and compelling reason for release.

    B. <u>Medical Circumstances</u>

Defendant argues that his medical issues constitute extraordinary and compelling reasons for release. Under the policy statement, the medical circumstances of a defendant can provide extraordinary and compelling reasons for a reduced sentence in the following circumstances:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is--
>   (i) suffering from a serious physical or medical condition,
>   (ii) suffering from a serious functional or cognitive impairment, or
>   (iii) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances--
>   (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>   (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>   (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

At age 48, defendant is young. Defendant's medical records show that he has a history of obesity and hypertension. On the present record, however, he has not shown that such medical conditions constitute an extraordinary and compelling reason for his release. Likewise, even

though defendant's medical conditions may elevate his risk of contracting COVID-19 or suffering severe illness from it, he does not allege lack of access to the COVID-19 vaccine. Apparently, the prevailing scientific view is that vaccinated individuals (even with medical comorbidities) do not have a significant risk of severe disease or death if they contract COVID-19. In sum, defendant has not shown that his health conditions combined with the risk of contracting COVID-19 are extraordinary and compelling reasons for relief within the meaning of the policy statement for medical circumstances, U.S.S.G. § 1B1.13(b)(1), or under the catchall provision, U.S.S.G. § 1B1.13(b)(5). See United States v. Wirichaga-Landavazo, No. 23-4040, 2023 WL 7166173, at *4 (10th Cir. Oct. 31, 2023) (despite defendant's medical conditions, district court does not abuse discretion finding that defendant who refused (or received and benefited from) COVID-19 vaccine fails to establish extraordinary and compelling reasons warranting a sentence reduction); United States v. Gunkel, No. 22-5055, 2022 WL 17543489 (10th Cir. Dec. 9, 2022) (despite defendant's medical conditions, district court did not abuse discretion finding that vaccinations prevented "undue risk" of serious COVID-19 case or resulting complications).

C. Rehabilitation

Defendant argues that his rehabilitation warrants relief. Rehabilitation alone is not an extraordinary and compelling reason for relief. See 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). Defendant has taken a number of classes and made some progress toward rehabilitation. Even so, defendant's rehabilitation efforts in combination with his other stated reasons do not constitute an extraordinary and compelling reason for relief, and certainly not one of similar gravity to the circumstances identified in the first four categories of the applicable policy

9

statement.

In sum, defendant's stated reasons—alone and collectively—are not "extraordinary and compelling" within the meaning of the compassionate release statute.

## II.     Section 3553 Factors

Even if defendant could somehow show that his stated grounds for relief constitute "extraordinary and compelling" reasons for a reduced sentence and that such a finding is consistent with the applicable policy statement, the Court would deny relief after considering the factors under 18 U.S.C. § 3553(a). The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct. See 18 U.S.C. § 3553(a).

Some two years ago, the Court reduced defendant's sentence from life to 360 months with a special term of supervised release including home confinement of 60 months. Memorandum And Order (Doc. #622) at 12–13. At that time, based on the reduction of the statutory imprisonment range on defendant's drug charges, his rehabilitation and the applicable factors under 18 U.S.C. § 3553(a), the Court determined that such a sentence was sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner. See id. at 11 (citing 18 U.S.C. § 3553(a)(2)(A)–(D)). Defendant has not shown any circumstances which alter this Court's prior conclusion.

A reduction of defendant's sentence to time served would reflect a significant disparity from the guideline range of life and his current sentence of 360 months in prison. A sentence of

time served or some other reduced sentence is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public.  Defendant has a history of violent behavior beginning at the age of 12.  In the instant case, at the age of 27, after defendant was arrested on significant drug trafficking charges, he attempted to have a witness killed.  Defendant's attempt resulted in the witness being shot in the legs and suffering permanent injuries.

Defendant has completed more than 20 years of his sentence and has had only a few relatively minor disciplinary incidents.    In addition, given defendant's long history of violence and criminal conduct, his rehabilitation efforts are impressive.  Even so, the Court already considered defendant's rehabilitation efforts, when it reduced his sentence from life to 360 months.  On balance, the factors under Section 3553(a) do not support a further reduction of defendant's sentence.

In sum, defendant has not shown "extraordinary and compelling" reasons for a reduced sentence, that the applicable policy statement is consistent with a finding of "extraordinary and compelling" reasons or that the factors under Section 3553(a) support a reduced sentence.  The Court therefore overrules defendant's motion for compassionate release.

**IT IS THEREFORE ORDERED** that defendant's Pro Se Motion For Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #652) filed February 29, 2024 is **OVERRULED**.

Dated this 8th day of May, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge